IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael D. McCain, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00791 |
| v. | : | Judge Graham |
| Mona Parks, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Order

This matter is before the Court on plaintiff Michael D. McCain's November 16, 2010 objections to the Magistrate Judge's October 4, 2010 Report and Recommendation recommending that plaintiff's September 30, 2010 motion for an injunction be denied (doc. 26).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DENIES** plaintiff's September 30, 2010 motion for an injunction (doc. 13).

Allegations in the Complaint. In April 2009, at the Mansfield Correctional Institution, plaintiff McCain's pain medication was increased to 250 mg. of Altram (apparently Ultram, which is Tramadol, a medication for moderate to severe pain) a day (in doses of 100 mg. and 50 mg.) and 2,400 mg. of nurotin (apparently Neurontin, which is Gabapentin, an anticonvulsant that also relieves postherpetic neuralgia) (1,200

1

mg. twice a day). In late May 2009, McCain was transferred to LoCI, where Dr. Forini eliminated the Ultram and decreased the Neurontin to 800 mg. a day. In July 2009, McCain was seen by O.S.U. doctors at C.M.C. They recommended Ultram, 100 mg., 3 times a day and Neurontin, 800 mg., 3 times a day. Back at LoCI, the doctors prescribed 50 mg. of Ultram, 3 times a day, and 800 mg. of Neurontin, 3 times a day. The complaint alleges that these dosages were ineffective and McCain remained in pain. He filed a grievance and Inspector Blackwell and Chief Inspector Parks denied it. Dr. Woods, Dr. Flurini and LoCI Medical Department Director Rumer are all alleged to have participated in denying McCain medication that would have addressed his pain. Their motivation, at least in part, is alleged to have been to reduce the cost of providing the medication.

<u>Plaintiff's Objections</u>. Plaintiff maintains that he has been placed in segregation because he was assaulted by a corrections officer. He is surrounded by other inmates who have no privileges and, therefore, nothing to lose. Plaintiff contends that he has been placed in a dangerous situation because he is the only inmate with a television. Plaintiff maintains that he did nothing wrong, but he is being punished as if he had. The Rules Infraction Board ("RIB") refused to review the video that would have exonerated plaintiff.

Plaintiff maintains that the Magistrate Judge erroneously relied on *Nightclub, Inc. v. City of Paducah*, 202 F.3d 884 (6th Cir. 2000) and *Michigan Bell Tel. Co. v. Engler*, 257

2

F.3d 587 (6th Cir. 2001). Plaintiff is asking this Court to secure his safety from the corrections officer who assaulted him and continues to harass him.

Motion for Injunction. In his motion, plaintiff asserts that he has been in segregation because he was assaulted by corrections officers, and they are attempting to cover up the assault. He maintains that he is being denied access to the courts because he is not permitted to have access to his legal documents. He asks the Court to have him moved from the London Correctional Institution to the Madison Correctional Institution. He also seeks the return of his legal property.

Discussion.   A district court must assess four factors in deciding whether to issue a preliminary injunction: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000).  "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

The Magistrate Judge correctly concluded that plaintiff has not established a substantial likelihood or probability of success on the merits because he has not offered any evidence to support the assertions in his motion. His assertions are not supported by an affidavit.  Moreover, the assault alleged in his motion is unrelated to the

3

allegations in complaint. Although plaintiff alleges that he is being denied the right of access to court in this case, he has not provided any specifics other than that he has asked for his legal files. There are no pending matters in this case that he must address because the United States Marshal is in the process of serving defendants.

Therefore, plaintiff Michael D. McCain's September 30, 2010 motion for an injunction (doc. 13) is DENIED and his November 16, 2010 objections to the Magistrate Judge's October 4, 2010 Report and Recommendation (doc. 26) are OVERRULED.


                                          s/ James. L. Graham
                                          James L. Graham
                                          United States District Judge