IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael D. McCain,                              :

                Plaintiff              :        Civil Action 2:10-cv-00791

  v.                                            :        Judge Graham

Mona Parks, *et al.*,                           :        Magistrate Judge Abel

                Defendants              :

**Report and Recommendation**

Plaintiff Michael D. McCain, an inmate at the Mansfield Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Magistrate Judge on defendants Kristine Rumer and Dr. Barbara Woods' May 13, 2011 motion for summary judgment (doc. 50).

**I.      Allegations in the Complaint**

In April 2009, at the Mansfield Correctional Institution, plaintiff McCain's pain medication was increased to 250 mg. of Altram (apparently Ultram, which is Tramadol, a medication for moderate to severe pain) a day (in doses of 100 mg. and 50 mg.) and 2,400 mg. of nurotin (apparently Neurontin, which is Gabapentin, an anticonvulsant that also relieves postherpetic neuralgia) (1,200 mg. twice a day). In late May 2009,

McCain was transferred to LoCI, where Dr. Forini [1]eliminated the Ultram and

decreased the Neurontin to 800 mg. a day. In July 2009, McCain was seen by O.S.U.

doctors at C.M.C. They recommended Ultram, 100 mg., 3 times a day and Neurontin,

800 mg., 3 times a day. Back at LoCI, the doctors prescribed 50 mg. of Ultram, 3 times a

day, and 800 mg. of Neurontin, 3 times a day. The complaint alleges that these dosages

were ineffective and McCain remained in pain. He filed a grievance and Inspector

Blackwell and Chief Inspector Parks denied it. Dr. Woods, Dr. Flurini and LoCI Medical

Department Director Rumer are all alleged to have participated in denying McCain

medication that would have addressed his pain. Their motivation, at least in part, is

alleged to have been to reduce the cost of providing the medication.

II.     **Arguments of the Parties**

A.     **Defendants**

Defendants argue that plaintiff waived his federal claims and his right to sue

defendants in federal court for monetary damages by filing a claim in the Ohio Court of

Claims. As a sovereign state, the State of Ohio enjoys sovereign immunity and may only

be held liable in a court of law or equity if it waives such immunity or if Congress has

authorized a suit.  The only forum in which the State of Ohio has chosen to waive its

immunity is the Ohio Court of Claims. Ohio permits citizens of the state to pursue civil

claims against the state and its agents in the Ohio Court of Claims, but, in doing so, a

---

[1]Defense counsel does not represent Dr. Flurini. A summons was issued for Dr. Flurini on September 29, 2010, but it was returned unexecuted on October 22, 2011. *See* doc. 22.

plaintiff waives all other causes of action based on the same "act or omission." Ohio Rev. Code § 2743.02(a)(1). This waiver precludes federal actions under 42 U.S.C. § 1983. According to defendants, a plaintiff may sue the state under § 1983 in the Court of Common Pleas or in federal court rather than the Ohio Court of Claims. If he chooses the Court of Claims, he is bound by that decision.

Defendants further argue that they were not deliberately indifferent to plaintiff's health. Defendants maintain that where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess medical judgments. A disagreement between a prisoner and his physician over the course of treatment does not state a § 1983 claim. Defendants contend that plaintiff's claims amount to a disagreement over the course of his treatment.  He does not allege that treatment was withheld; it simply differed from what was recommended by other medical providers.  As a result, plaintiff's constitutional rights were not violated.

> **B.     Plaintiff**

Plaintiff argues that the facts demonstrate that defendants violated his Eighth Amendment rights by refusing to provide proper care, decreasing his pain medication, and refusing to increase the medication based on other doctors' recommendations. Plaintiff maintains that Dr. Flurini should be held accountable for his actions because he is the doctor who initially decreased his medication. Plaintiff contends that it is not his fault that Dr. Flurini is no longer employed by the prison.

Plaintiff asked Dr. Woods to increase his medication, and he refused to. Plaintiff suffered serious pain because he was not properly medicated. Plaintiff argues that he is not simply challenging the adequacy of the treatment that he received. He maintains that the defendants purposefully took away his medications to make him suffer. On two separate occasions, he received no medications at all and experienced symptoms of withdrawal.

Plaintiff further argues that he did not waive his right to file an action in this Court by filing a complaint in the Ohio Court of Claims. His case in the Ohio Court of Common Pleas was dismissed without prejudice, and he maintains the right to pursue this action in this Court. His case was dismissed because he was not able to obtain affidavits of merit as required by the Ohio Rule of Civil Procedures.

### III.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

IV.     **Discussion**

A.     **Ohio Court of Claims**

Section 2743.02(A) of the Ohio Revised Code provides in pertinent part:

> [F]iling a civil action in the court of claims results in a complete waiver of
> any cause of action, based on the same act or omission, which the filing
> party has against any officer or employee, as defined in section 109.36 of
> the Revised Code. The waiver shall be void if the court determines that
> the act or omission was manifestly outside the scope of the officer's or
> employee's office or employment or that the officer or employee acted
> with malicious purpose, in bad faith, or in a wanton or reckless manner.

Ohio Rev. Code § 2743.02(A). In *Leaman v. Ohio Dept. of Mental Retardation and Development Disabilities*, 825 F.2d 946 (6th. Cir. 1996), the Sixth Circuit held that the waiver provision of the Ohio Court of Claims Act included any federal cause of action that a plaintiff had against any state officer or employer. The Sixth Circuit concluded that the Court of Claims Act established a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state employees.

On February 26, 2010, plaintiff filed a complaint in the Ohio Court of Claims. *See* doc. 50-2. The complaint alleges that on May 22, 2009, Dr. Flurini deliberately lowered his pain medication and failed to review his MRI and EMG results which demonstrated the need for such medications. Dr. Flurini was replaced by Dr. Woods. Dr Woods refused to reinstate plaintiff's medication doses. On several occasions plaintiff was told by Inmate Health Services that they did not have his medications, and he was forced to go without them. When McCain filed a grievance based on the failure to receive the proper dose of his medication, the medical director told him that the medications were

6

too expensive. After suffering for nine months, plaintiff's medications were eventually increased.  On May 10, 2010, Plaintiff's complaint was dismissed without prejudice because he failed to comply Ohio Civil Rule 10(D)(2) which requires an affidavit of merit for his medical claim. The court also dismissed plaintiff's claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because it lacked subject matter jurisdiction over the claim.

On July 28, 2010, plaintiff filed a second complaint with the Ohio Court of Claims based on the same allegations contained in the February 26, 2010 complaint. On September 20, 2010, the court dismissed plaintiff's second complaint for failing to attach an affidavit of merit and for lack of subject matter jurisdiction.

Although it appears that plaintiff has waived his right to file a Section 1983 claim in this Court because he filed a complaint in the Ohio Court of Claims based on the same acts, waiver is an affirmative defense that must be affirmatively stated. *See* Fed. R. Civ. P. (c); *Carrelli v. Ginsburg*, 956 F.2d 598, 603 (6th Cir. 1992)(rejecting defendant's argument that plaintiff waived his claims against the individual defendants by filing a complaint in the Ohio Court of Claims because defendant failed to set forth the defense of waiver affirmatively consistent with Rule 8(c)).  Consequently, defendants' motion can not be granted on this basis.

### B.    Eighth Amendment

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward

7

the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To

demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison

official acted with deliberate indifference to his serious medical needs. *Estelle*, 429 U.S.

at 103-04. Prison officials are liable only if they know of and disregard "an excessive

risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must

draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to

alleviate a significant risk that he should have perceived but did not, while no cause for

commendation, cannot under our cases be condemned as the infliction of punishment."

*Id.* at 838. Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429

U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he

disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*,

537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The Sixth Circuit requires verifying medical evidence to demonstrate the

deleterious effect of the lack of treatment when only minor maladies or non-obvious

complaints of a serious need for medical care were present. "[A]n inmate who

complains that delay in medical treatment rose to a constitutional violation must place

verifying medical evidence in the record to establish the detrimental effect of the delay

in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742

(6th Cir. 2001)(quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188

(11th Cir. 1994). Verifying medical evidence provides the court with the best available

evidence as to whether the alleged deprivation is sufficiently serious and whether the inmate was at substantial risk of harm. *Id.*

Defendants argue that they were not deliberately indifferent to plaintiff's health, and a disagreement between a prisoner and his physician over the course of treatment does not state a § 1983 claim. Plaintiff does not allege that treatment was withheld; other medical providers simply recommended a different course of treatment.

Defendants correctly note that "where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments". *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). The burden of proof in such cases is fairly substantial, in that an inmate complaining about his course of treatment, such as receiving one medication instead of another, must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

Plaintiff submitted a declaration in which he stated that Dr. Arildi, a doctor at the Mansfield Correctional Institution, increased his pain medications on April 15, 2009. Plaintiff was transferred to LOCI on May 22, 2009. After defendants decreased his prescription, plaintiff suffered severe pain, and it affected his day to day life by making him appear vulnerable when surrounded by violent inmates. On three different occasions, plaintiff went without his medications entirely for three days. Plaintiff maintains that he suffered serious symptoms of withdrawal. *See* doc. 58-1.

9

Plaintiff attached copies of documents related to grievances concerning defendants failure to increase his medication. *See* doc. 58-2. Plaintiff also provided documentation of his medications. *See* doc. 59-2. A June 20, 2009 consultation report recommended starting 800 mg of Neurontin or restarting Ultram. R. 58-3 at 17. A January 11, 2010 letter from Carole A. Miller, M.D. indicated that his most recent cervical MRI scan showed multilevel degenerative changes and some straightening of the normal cervical lordosis. Doc. 58-3 at 9-10.  On July 9, 2010, plaintiff was referred to a pain clinic because of worsening symptoms; however, the recommendation concerning plaintiff's medications is illegible.  *Id.* at 21.

Although plaintiff has provided evidence that other doctors recommended that he receive a higher dose of medication, he has not provided any verifying medical evidence to establish the detrimental effect of the delay increasing his medications or that he suffered withdrawal. As a result, the Magistrate Judge RECOMMENDS that defendants' motion for summary judgment be GRANTED.

## V.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Kristine Rumer and Dr. Barbara Woods' May 13, 2011 motion for summary judgment (doc. 50) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel
United States Magistrate Judge