IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael D. McCain, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00791 |
| v. | : | Judge Graham |
| Mona Parks, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## ORDER

Plaintiff Michael D. McCain, a state prisoner, brings this action alleging that defendants denied him necessary pain medications in violation of the Eighth Amendment. This matter is before the Court on plaintiff McCain's October 17, 2011 objections to Magistrate Judge Abel's September 21, 2011 Report and Recommendation that defendants Kristine Rumer and Dr. Barbara Wood's May 13, 2011 motion for summary judgment be granted.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. *Estelle*, 429 U.S. at 103-04. Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

The Sixth Circuit requires verifying medical evidence to demonstrate the deleterious effect of the lack of treatment when only minor maladies or non-obvious complaints of a serious need for medical care were present. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). Verifying medical evidence provides the court with the best available evidence as to whether the alleged deprivation is sufficiently serious and whether the inmate was at substantial risk of harm. *Id.* "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments." *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). The burden of proof in such cases is fairly substantial, in that an inmate complaining about his course of treatment, such as receiving one medication instead of another, must "place verifying medical evidence in

the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

Plaintiff attached copies of documents related to grievances concerning defendants failure to increase his medication and asserting that he was experiencing withdrawal symptoms. Plaintiff has not provided, however, any verifying medical evidence to establish the detrimental effect of the delay increasing his medications or that he suffered withdrawal. Plaintiff's subjective complaints are simply not sufficient and do not constitute verifying medical evidence.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants Kristine Rumer and Dr. Barbara Wolf's May 13, 2011 motion for summary judgment (doc. 50).

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants Kristine Rumer and Dr. Barbara Woods. This action is hereby **DISMISSED**.

Date: November 8, 2011

James L. Graham
United States District Judge